## JACKSON v. LIBERTY MUTUAL INS. CO.
### Civ. No. 5482.

United States District Court
S. D. Texas, Houston Division.
Dec. 15, 1950.

Dick Young, Houston, Tex., for plaintiff.

Kemper, Wilson & Schmidt, Houston, Tex., for defendant.

HANNAY, District Judge.

Plaintiff brings this suit alleging that on July 5, 1949, when he was an employee of The Girdler Corporation, he was injured while working in the course and scope of his employment, and that as a result of such injuries he became, and still is, totally and permanently disabled. Defendant, the insurance carrier of The Girdler Corporation, denies that Plaintiff received any personal injuries while working in the scope and course of his employment with said Corporation, and asserts that no notice of any claimed injury was made within 30 days to either Plaintiff's employer or to Defendant. Defendant further says that if Plaintiff is now afflicted with any injuries or diseases, or any combination thereof, same originated wholly independent of any happening for which Defendant is legally liable; that if in fact Plaintiff did receive any accidental injuries, same were temporary in duration and partial in extent and plaintiff has long since fully recovered therefrom.

A jury having been waived, the case was tried before the Court on the evidence and stipulations introduced.

### Findings of Fact:

I find the following to be the facts in the case:

1. This Court has jurisdiction over the parties and the subject matter of this case.

2. On July 5, 1949, plaintiff was a resident citizen of Harris County, Texas, where he has resided continuously since such date.

3. Defendant is a Massachusetts corporation, having a permit to do business in Texas, and on July 5, 1949, was the insurance carrier of The Girdler Corporation.

4. Plaintiff was working for The Girdler Corporation, at the San Jacinto Ordnance Depot, on July 5, 1949.

5. Plaintiff's average weekly wage was $43.00 per week.

6. Plaintiff was not injured in any way, or to any extent, while working in the course and scope of his employment with The Girdler Corporation, on July 5, 1949, nor did he give notice to either his Employer or Defendant of any claimed injury within 30 days of the alleged happening there-

of. No notice was given of such claimed injury until after the work then being done by The Girdler Corporation had been completed, and they had moved off the job at the Ordnance Depot.

7. Plaintiff is not now suffering from any injury or disability as a result of any injury received by him while employed by The Girdler Corporation.

### Conclusions of Law.

Based upon the above Findings of Fact, I hold that Plaintiff is not entitled to recover from Defendant, and Defendant is entitled to judgment holding it harmless. All court costs incurred herein are adjudged against Plaintiff.

The Clerk will notify counsel.